UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADALYN M. SOULLIERE,

      Plaintiff,                                   Case No. 06-14764
                                                    Hon. Bernard A. Friedman

v.

SYLVIA HANSON, M..D.,

      Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS

**I. Introduction**

This matter is before the Court on Defendant Sylvia Hanson, M.D.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Pursuant to Local Rule 7.1(e)(2), the Court will decide the motion without oral argument.

**II. Facts**

Plaintiff in this matter, acting *pro se*, alleges that Defendant Sylvia Hanson, M.D. (Hanson) negligently misdiagnosed her as having bipolar disorder. As a result of this alleged mis-diagnosis, Hanson prescribed medication to Plaintiff. According to Plaintiff, this medication had a number of adverse consequences: she engaged in substance abuse; she was beaten; and her child was kidnaped.

Plaintiff alleges that Hanson was negligent in failing to check her medical records, which had previously ruled out bipolar disorder, and that the alleged negligence caused her to incorrectly diagnose Plaintiff with bipolar disorder. Because of this diagnosis, Plaintiff was prescribed medication which had side-effects of "memory loss, blackouts, time lost, emotional difficulties,

[and] psychological suffering." Pl's. Compl. at 4.

Plaintiff claims that since the alleged mis-diagnosis by Hanson, she has again been cleared of bipolar disorder.

Plaintiff brought a medical malpractice action against Hanson in the 36th District Court, alleging medical malpractice, on August 25, 2006. After Defendant filed an answer denying all of Plaintiff's allegations, and a motion for change of venue, Plaintiff brought the action to this Court. In addition to the medical malpractice claim brought in the District Court, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA").  42 U.S.C. §§ 12101-12213 (1990).

Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b).

### III. Standard of Review

Pursuant to 28 U.S.C. § 1331, the district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

In the absence of federal question jurisdiction, the district courts may have jurisdiction if there is diversity of citizenship. Under 28 U.S.C. § 1332, diversity jurisdiction exists if the matter in controversy exceeds $75,000, and is between citizens of different states.

### IV. Analysis

Plaintiff's medical malpractice claim is a state law claim, and therefore provides no federal question jurisdiction.

Plaintiff's claim under the ADA also fails to provide federal question jurisdiction. This is because Plaintiff's complaint does not show any relationship between the ADA and the facts of this case, which would place her within the ADA's protection. For the ADA to apply, Plaintiff must

show that she was discriminated against by a "covered entity." 42 U.S.C. § 12112(a). "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). Plaintiff's complaint makes no allegation of discrimination by a covered entity, and therefore her complaint does not fall within the ADA. Because of this, Plaintiff's claim does not provide federal question jurisdiction under 28 U.S.C. § 1331.

Because both parties are citizens of Michigan, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

## V. Conclusion

Accordingly, for the reasons stated herein,

IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED

Dated:   2/23/07                    ___s/Bernard A. Friedman _____
         Detroit, Michigan          BERNARD A. FRIEDMAN
                                    CHIEF UNITED STATES DISTRICT JUDGE

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

  **_____/s/ Patricia Foster Hommel_____**
         **Patricia Foster Hommel**
     **Secretary to Chief Judge Friedman**